## Estate of Herman M. Dorscheimer, deceased.   Appeal
## of Matilda B. Dorscheimer.

*Appeals—Failure to enter formal decree fatal.*

Where the orphans' court orders a decree to be modified, along lines in-
dicated by the opinion, but no such decree appears to have been entered,
the omission to prepare and secure the entry of the decree, as directed, is
fatal to an appeal taken.   The appellate court, even though it may infer
from the opinion the character of the decree intended cannot either affirm
or reverse a decree which has never in fact been entered.

Argued Dec. 15, 1898.   Appeal, No. 182, Oct. T., 1898, by
Matilda B. Dorscheimer, in the matter of petition to vacate a
decree of O. C. Phila. Co., April T., 1898, No. 371.   Before
Rice, P. J., Orlady, W. W. Porter and W. D. Porter, JJ.
Appeal quashed.

Petition to vacate decree.   Before the court in banc.

It appears from the record that Matilda B. Dorscheimer,
widow of decedent, had filed a petition for $300 cash out of
decedent's estate which exemption had been allowed by the
court.   Subsequently a petition was filed to vacate the decree
and the court filed an opinion which concluded in these words:
" We must therefore modify the decree made June 18, 1898,
and counsel will prepare a proper decree."   The full opinion is
reported in 7 Dist. Rep. 726.   A petition for rehearing and mod-
ification of this decree directed to be made was subsequently
filed by the widow which was dismissed by the court.   No for-
mal decree was prepared or filed in obedience to the opinion of
the orphans' court.   The widow subsequently took this appeal.

*Errors assigned* were to the action of the court " in modifying
the decree," setting forth the particular words complained of,

and (5) in refusing a rehearing of the case and dismissing the widow's petition.

*Alfred N. Keim*, with him *G. Harry Davis*, for appellant.

*James R. Grier*, for appellee.

OPINION BY WILLIAM W. PORTER, J., February 17, 1899:

The paper-book of the appellant states that "the present case is an appeal by the widow from a decree of the orphans' court of Philadelphia county, modifying a former decree of the same court allowing her a cash exemption of $300." We find that a petition for modification was presented. To this an answer was filed by the widow. We are furnished also with an opinion of the orphans' court, which expresses the views of that court in regard to the necessity for a modification of the original decree. The opinion concludes: "We must therefore modify the decree made July 18, 1898, and counsel will prepare the proper decree." No decree, however, appears to have been entered. Subsequently, a petition for a rehearing was presented by the widow. This application was refused.

The omission to prepare and secure the entry of a decree is fatal to this appeal. While we may infer from the opinion the character of the decree directed to be prepared, we cannot as an appellate court either affirm or reverse a decree which has in fact never been entered.

Under these circumstances, we are compelled to quash the appeal.

Appeal quashed.