## McCann *v.* Commonwealth to use.

*Constitutional law—Oleomargarine—Act of May 5, 1899, P. L. 241.*

The Act of May 5, 1899, P. L. 241, relating to the sale of oleomargarine, is not in conflict with article 1, section 1 of the constitution of Pennsylvania, nor section 1 of the fourteenth amendment of the constitution of the United States.

Argued Jan. 29, 1901. Appeal, No. 5, Oct. T., 1901, by plaintiff, from judgment of the Superior Court, April T., 1900, No. 119, affirming judgment of C. P. No. 3, Allegheny Co., Nov. T., 1899, No. 271, affirming judgment of alderman in case of Owen McCann, trading as McCann & Company v. Commonwealth to use of Levi Wells, Dairy and Food Commissioner of the Commonwealth of Pennsylvania. Before McCOLLUM, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Appeal from Superior Court: 14 Pa. Superior Ct. 221.

In the Superior Court, RICE, P. J., filed the following opinion:

The appellant was adjudged guilty, and a judgment was entered against him by an alderman in a suit for a penalty for selling oleomargarine in imitation of yellow butter, contrary to the provisions of the Act of May 5, 1899, P. L. 241. He was legally licensed as provided in that act, and had complied with all the requirements of the act, except that the oleomargarine sold by him was colored yellow by the addition thereto of analyne, a foreign substance, but not injurious to health. The only defense he set up on his trial was the unconstitutionality of the act. His exceptions to the record of the alderman on certiorari in the court below, as well as his assignments of error in this court were all to the same effect.

One of the most important as well as most familiar rules for the construction of statutes is that a legislative intent to violate the constitution is never to be assumed; therefore wherever a statute is susceptible of two constructions, of which the one would make it unconstitutional, the other constitutional, the latter is to be adopted. Another elementary rule is, that construction is to be made of all the parts together, and not of one part only by itself. It is the duty of the courts to take a survey of the entire statute, " for the true meaning of any passage is that which best harmonizes with the subject and with every other passage of the statute." Another rule to be noticed is, that a penal statute must be construed strictly and should not be extended beyond legislation as expressed on its face. The act of May 5, 1899, needs construction, and in view of the appellant's contention that the construction he puts upon it makes it unconstitutional, all these familiar principles are to be kept in mind in determining its true scope and intent. As was said by Judge ARNOLD, whose judgment was affirmed in Com. v. Vandyke, 13 Pa. Superior Ct. 484:

" The act is awkwardly expressed; its sentences are very much involved, and it is difficult to know their operation by relation to each other. Perhaps a strict construction of the statute would prohibit the manufacture and sale of oleomargarine in its natural state, because it looks like butter, but as the act is in-

tended to repeal the prohibitory statute of 1885, and authorizes
the manufacture as well as the sale of oleomargarine in the
state, we are to give the act such construction as will afford
the relief and prevent the mischief it intended to prevent.   The
word 'coloration' means the act or practice of coloring, or
the state of being colored, and it is the act or practice of color-
ing oleomargarine, which the act of 1899 intended to prohibit.
The use of the words 'admixture or addition' in the statute,
indicates that the intention of the legislature is to prohibit the
imitation of yellow butter by any admixture or addition to
oleomargarine during or after manufacture."

We adopt this as the true construction of the act; and if we
are correct in this conclusion, none of the constitutional objec-
tions that have been urged against it can be sustained.   As was
said by the Supreme Court of the United States in construing
a Massachusetts statute which differs in no essential particular
from ours, so it may be said here :

"It will be observed that the statute . . . . does not prohibit
the manufacture or sale of all oleomargarine, but only such as
is colored in imitation of yellow butter produced from pure un-
adulterated milk or cream of such milk.   If free from coloration
or ingredient that causes it to look like butter, the right to
sell it 'in a separate and distinct form in such manner as will
advise the consumer of its real character' is neither restricted
nor prohibited : " Plumley v. Mass., 155 U. S. 462.

It is clearly shown in the opinion of Mr. Justice HARLAN
that the statute seeks to suppress false pretenses and to pro-
mote fair dealing in the sale of an article of food ; to compel
the sale of oleomargarine for what it is by preventing its sale
for what it is not ; to protect unwary purchasers who without
closely scrutinizing the label upon the package in which it is
contained, would be induced to buy it as and for butter pro-
duced from unadulterated milk or cream from such milk.   Such
being the scope and intent of the statute, the contention that it
is an absolute prohibition of the sale and manufacture of oleo-
margarine, and that the title gives no notice of such legislation,
is not well founded.   The act is what its title indicates, a regu-
lation, not a prohibition of the manufacture and sale of oleo-
margarine.   We held in Com. v. Vandyke, supra, following
Plumley v. Mass., supra, that such a regulation does not con-

flict with the commerce clause of the national constitution, and upon the principles recognized in Powel v. Com., 114 Pa. 265; 127 U. S. 678, Plumley v. Mass., and a multitude of other cases, it cannot be declared to be an infringement of the rights of the citzens secured by section 1, article 1, of the state constitution, or by the fourteenth amendment of the national constitution.

The judgment is affirmed.

*Error assigned* was the judgment of the Superior Court.

*Simon R. Huss*, for appellant.—The act of assembly of May 5, 1899, P. L. 241, is an absolute prohibition of the manufacture and sale of oleomargarine and similar products, and is in conflict with article 1, section 1 of the constitution of the state of Pennsylvania, and section 1 of the 14th amendment of the constitution of the United States.

Oleomargarine in its natural state is yellow like yellow butter and the natural and necessary effect of the act of May 5, 1899, is an absolute prohibition of its manufacture and sale: Com. v. Schollenberger, 170 Pa. 296; Com. v. Vandyke, 13 Pa. Superior Ct. 484; Com. v. Diefenbacher, 14 Pa. Superior Ct. 264; Collins v. New Hampshire, 171 U. S. 30; Henderson v. Mayor of New York, 92 U. S. 259; Morgan's Steamship Company v. Louisiana Board of Health, 118 U. S. 455.

The words, " with or without coloring matter, " shows the intent of the legislature to be the absolute prohibition of oleomargarine: Com. v. Potts, 79 Pa. 168.

The Schollenberger case overruled the Plumley and Powell cases and decided the absolute prohibition of oleomargarine to be unconstitutional: Com. v. Powell, 114 Pa. 265; Com. of Pa. v. Schollenberger, 171 U. S. 1.

The Superior Court erred in entering the decree affirming the judgment, as said act of assembly unjustly discriminates between manufacturers and dealers in the same products and articles of commerce, although manufactured and sold under different names, and is therefore unconstitutional, being in conflict with the federal and state constitutions: People v. Marx, 99 N. Y. 385; Citizen's Savings & Loan Association of Cleveland v. Topeka, 87 U. S. 664.

*James Francis Burke* and *Alfred P. Reid*, for appellee, were not heard, but cited in their printed brief: Plumley v. Commonwealth of Massachusetts, 155 U. S. 461; Gibbons v. Ogden, 22 U. S. 203; People v. Arensberg, 105 N. Y. 123; Waterbury v. Newton, 50 N. J. 534; State v. Addington, 77 Mo. 110.

PER CURIAM, March 11, 1901:

The opinion of Judge RICE filed July 26, 1900, is in our view of the case, a complete and satisfactory answer to the plaintiff's contention that the act of assembly of May 5, 1899, P. L. 241, is in conflict with article 1, section 1, of the constitution of the state of Pennsylvania, and section 1 of the fourteenth amendment of the constitution of the United States.

Judgment affirmed.