# Commonwealth *v.* Schollenberger.

*Criminal law—Practice, Q. S.—Separate indictments—Appeals.*

It is improper practice to take one appeal where three indictments against the same person are tried before the same jury, but separate verdicts and judgments are entered.

*Criminal law—Practice, Q. S.—Motion in arrest of judgment—Evidence.*

A motion in arrest of judgment is not the proper mode of raising questions as to the sufficiency of the evidence.

*Constitutional law—Oleomargarine—Statutes.*

The Act of May 5, 1899, P. L. 241, regulating the sale of oleomargarine is constitutional.

Submitted April 22, 1901. Appeal, No. 50, Oct. T., 1901, by defendant, from judgment of Q. S. Phila. Co., Nov. T., 1900, Nos. 296, 297 and 298, on verdict of guilty in case of Commonwealth v. George Schollenberger. Before Rice, P. J., Beaver, Orlady, W. W. Porter and W. D. Porter, JJ. Affirmed.

Indictments under the oleomargarine act of May 5, 1899.

The facts sufficiently appear by the opinion of the Superior Court.

*Error assigned* was in overruling and dismissing the appellant's motion in arrest of judgment.

*Robert J. Byron* and *Arthur C. Denniston,* for appellant.

*Charles E. Barlett, Charles L. Brown, Samuel M. Clement, Jr.,* assistant district attorney, and *P. F. Rothermel, Jr.,* district attorney, for appellee.

PER CURIAM, May 23, 1901:

Three separate indictments were found against the defendant charging him with violations of the Act of May 5, 1899, P. L. 241, entitled "An act to regulate the manufacture and sale of oleomargarine and butterine and other similar products, to prevent fraud and deception by the manufacture and sale thereof as an imitation of butter," etc. All three indictments were tried before the same jury, but separate verdicts and judgments were entered, from which a single appeal was taken. We might well quash the appeal, or compel the defendant to elect the case to be reviewed. Our omission to do so is not to be taken as a precedent for issuing a single writ to bring up for review the records and proceedings in several distinct cases. The fact that, for convenience and to save time, they were tried together before the same jury did not give the defendant the right to have them brought up and reviewed as a single case. But, waiving this irregularity, we find no error in the record of either of the cases. The single assignment of error is as follows: "The learned court below erred in overruling and dismissing the appellant's motion in arrest of judgment." All the questions raised by the first four reasons assigned in support of this motion have been determined adversely to the defendant's contention in the cases of Commonwealth v. Vandyke, 13 Pa. Superior Ct. 484, and Commonwealth v. McCann, 14 Pa. Superior Ct. 221, 198 Pa. 509. The question as to the constitutionality of the sixth section of the act, suggested in the fifth reason, does not arise in this case and need not be discussed. As to the sixth reason, which is, "that the verdict was against the evidence," all that is necessary to say is, that a motion in arrest of judgment is not the proper mode of raising the question as to the sufficiency of the evidence.

The judgments are affirmed and the records are remitted to the court below to the end that the sentences be fully carried into effect.