# Kimmel *v.* Johnson, Appellant.

*Appeals—Feigned issue—Sheriff's sale—Quashing appeal.*

An appeal in proceedings in a feigned issue in a sheriff's interpleader will be quashed where the record shows that at the time the appeal was taken, judgment had not been entered on the verdict.

*Quære,* whether an appeal from a judgment in a feigned issue will lie before final decree of distribution.

*Appeals—Feigned issue—Trial of distinct issues.*

Where several feigned issues, in each of which there is a different plaintiff, are tried before the same jury, separate appeals should be taken in each case.

Argued Nov. 2, 1901. Appeal, No. 132, Oct. T., 1901, by defendant, Robert Johnson, from C. P. Blair Co., Nos. 128, 129, 130, 131 and 131, Oct. T., 1898, in cases of Philip Kimmel

et al. v. Robert Johnson et al. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Appeal quashed.

Motion to quash appeal.

The following reasons, among others, were filed for quashing the appeal.

7. This appeal is taken by Robert Johnson, the defendant, in five separate and distinct issues, wherein five separate and distinct parties are plaintiffs. No partnership existed between them, and no privity of contract; in fact, there is no connection of any kind between the appellees in their claims. They could not sue jointly on their claims and cannot be joined in an appeal. The appellant has no more right to prosecute an appeal against them jointly than the appellees would have had to maintain a joint action for their respective claims. A separate appeal should have been taken in each case, and because appellant has not done so, the appellees move to quash the appeal: Adamson's Appeal, 110 Pa. 459.

8. We move to quash the appeal for further reason: That the appeal was taken on May 19, 1900, when no judgment was entered on the verdict in the case of Philip Kimmel v. Robert Johnson et al., No. 128, October term, 1898, until March 28, 1901, and no judgments are to this day entered on the verdicts in the cases of Goodfellow-Melvin & Company, No. 129, October term, 1898; S. H. Rice, No. 130, October term, 1898; the Mountain City Lumber Company, No. 131, October term, 1898; and Bowers & Kessler, No. 132, October term, 1898, v. Robert Johnson et al.

*W. I. Woodcock*, with him *Charles Geesey*, for appellant.

*M. M. McNeil* and *E. H. Flick*, for appellee.

PER CURIAM, November 18, 1901:

The appellant was defendant in five distinct issues awarded by the court of common pleas to determine certain questions of fact arising in the distribution of a fund realized upon a sheriff's sale of real estate. In each of these issues there was a different plaintiff. All the issues were tried before the same

jury and a verdict was rendered in the plaintiff's favor. Whether a final decree of distribution was made does not appear. See Reed's Appeal, 71 Pa. 378, and Cake v. Cake, 106 Pa. 472. But even if an appeal from a judgment in a feigned issue will lie before final decree of distribution, the present motion to quash must prevail, because at the time the appeal was taken judgment had not been entered on the verdict in any of the issues, and in four of them had not been taken up to the present time. As to the seventh reason assigned in support of the motion to quash, we refer to the recent decision of this court in Commonwealth v. Schollenberger, 17 Pa. Superior Ct. 218.

Appeal quashed.