## Wolff, Appellant, v. Wilson.

*Appeals—Interlocutory order—Quashing appeal.*

Where the court refuses a new trial and directs judgment to be entered for defendant on payment of jury fee, and an appeal is taken before the jury fee is paid and judgment entered, the appeal will be quashed as not being from a final order.

Argued May 9, 1904.   Appeal, No. 62, April T., 1904, by plaintiff, from judgment of C. P. Armstrong Co., Dec. T., 1900, No. 158, on verdict for defendant in case of Findley P. Wolff v. John A. Wilson.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Appeal quashed.

Appeal from justice of the peace.
The opinion of the Superior Court states the case.

*Errors assigned* were various instructions.

*W. L. Peart*, for appellant.

*Calvin Rayburn*, of *Rayburn & McCain*, for appellees.—The appeal was premature and unauthorized : Kimmel v. Johnson, 18 Pa. Superior Ct. 429 ; Erie Bank v. Brawley, 8 Watts, 530 ; Straub v. Smith, 2 S. & R. 382.

OPINION BY BEAVER, J., May 19, 1904:

May 14, 1903, the court below refused a new trial and judgment was directed to be entered for defendant " on payment of jury fee." No judgment was entered in pursuance of this order until April 1, 1904, when the entry is made, " the jury fee having been paid, judgment entered on verdict."

In the meantime, August 15, 1903, an appeal was taken to this court.

We are asked to quash this appeal on the ground " that on August 15, 1903, the appeal in this case was taken to the Superior Court but judgment was not entered on the verdict as directed by the court until April 1, 1904. Therefore an appeal will not lie."

It is very clear that, when the appeal was taken, there was nothing from which to appeal. No judgment had been entered and, as none could be entered under the order of the court until the jury fee was paid, that order cannot be regarded as a final decree or judgment from which an appeal would lie. See Kimmel v. Johnson, 18 Pa. Superior Ct. 429, and Dorscheimer's Estate, 9 Pa. Superior Ct. 422.

The appeal being premature, the motion to quash must avail.

Appeal quashed.