## Dean *v.* Delaware, Lackawanna & Western Railroad Co., Appellant.

*Appeals — Interlocutory order — Quashing appeal — Award of viewers in condemnation proceedings.*

An appeal to the Superior Court from the refusal of the Court of Common Pleas to direct that an amount of an award of jurors in condemnation proceedings, should be paid into court, will be quashed, where it appears that no appeal had been taken by either party from the award of the viewers, that the award had not been confirmed, and that no judgment had been entered thereon.

Argued March 6, 1916. Appeal, No. 9, March T., 1916, by defendant, from order of C. P. Susquehanna Co., Aug. T., 1912, No. 256, refusing to direct the payment of an award of viewers into court in case of Etta E. Dean v. Delaware, Lackawanna & Western Railroad Company.

54, (1916).] Statement of Facts—Opinion of the Court.

Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Appeal quashed.

Rule to pay the amount of award of viewers into court. Before LITTLE, P. J.

The plaintiff moved to quash the appeal on the ground that the order discharging the rule was interlocutory in character.

*J. H. Oliver,* with him *H. A. Denney* and *D. R. Reese,* for appellant.

*Edson W. Safford,* for appellee.

OPINION BY ORLADY, P. J., April 17, 1916:

This is an appeal from the refusal of the court below, to direct that the amount of an award of viewers with interest and costs, in condemnation proceedings, had at the instance of the defendant railroad company, should be paid into court, and that the award should be marked satisfied of record. The proceedings were regularly conducted and resulted in an award of $1,066.67, in favor of the landowner, and against the defendant railroad company. No appeal was taken by either party within the time fixed by law, but the award was not confirmed by the court, and no judgment was entered on the award at the time this appeal was taken. The entry of a judgment is a necessary step in the proceeding to make it a finality.

As stated by PORTER, J., in Philadelphia v. Miller, 27 Pa. Superior Ct. 11,—"In some cases, wherein appeals were improvidently taken before judgment was entered, judgment having been entered subsequently, we have treated the judgment as post dating the entry of the judgment, and thus sustained the proceedings, but in those cases there was no motion to quash upon that ground or such motion was not pressed."

Counsel for appellant urge that the award unappealed from, became in effect a judgment, and admit they did

not pursue the usual course in such cases by having the report of viewers confirmed by the court, and a judgment entered as provided for by 11th Section of the Act of February 19, 1849, P. L. 79, which is as follows—"If any damages be awarded, and the report be confirmed by the said court, judgment shall be entered thereon."

No sufficient reason has been shown for making any change in the well established practice as announced in Dorscheimer's Est., 9 Pa. Superior Ct. 422; Kimmel v. Johnson, 18 Pa. Superior Ct. 429; Wolff v. Wilson, 25 Pa. Superior Ct. 266.

The motion filed by the appellee is sustained and the appeal is quashed, at the costs of appellant.