Commonwealth *v.* Gomori, Appellant.

326

Argued April 11, 1960. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONT-GOMERY, JJ.

*Marjorie Hanson Matson,* for appellant.

*Joseph Solomon,* District Attorney, with him *Chris G. Papazickos,* Assistant District Attorney, for Commonwealth, appellee.

OPINION BY RHODES, P. J., June 15, 1960:

This is an appeal by Steve Gomori, Jr., from a conviction and sentence on an indictment charging him and his brother, Frank Gomori, with bringing two reels of copper wire into Pennsylvania, knowing or having reasonable cause to know the same to have been stolen or feloniously taken in another state.

Defendants, Steve Gomori, Jr., and Frank Gomori, were jointly indicted, tried, and convicted by a jury in Lawrence County.

The indictment was drawn under section 818 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4818.[1]

Motions in arrest of judgment and for a new trial were filed on behalf of Steve Gomori, Jr. They were subsequently withdrawn by defense counsel. His motion for directed verdict was refused. He did not testify, although his brother Frank did.

Defendant Steve Gomori, Jr., was sentenced to pay a fine of $50, to pay the costs of prosecution, and to undergo imprisonment in the Allegheny County Workhouse for and during a period of not less than eleven months nor more than twenty-three months.

At the close of the Commonwealth's case, a demurrer was entered on behalf of Steve Gomori, Jr., by his counsel, which the trial court overruled. Consequently, the only question before us for consideration is the sufficiency of the evidence to show that appellant participated in, and was guilty of, the crime charged.

The evidence, though largely circumstantial, was sufficient to sustain the conviction of appellant. Viewed

---

[1] "Whoever brings, or aids or assists in bringing, into this Commonwealth any goods, chattels, money, or securities, or any other matter or thing, knowing or having reasonable cause to know the same to have been stolen or feloniously taken in any other state or country, is guilty of a felony, . . ."

in the light of the jury's verdict in favor of the Commonwealth, the evidence establishes the following:

Appellant was employed as a laborer by the J. D. Fowler Company, of Youngstown, Ohio, which company was engaged in construction work within the Youngstown Sheet and Tube Company's plant at Campbell, Ohio. His foreman on the job for the Fowler Company, and physically present at the Campbell plant with the appellant, was his brother, Frank Gomori, co-defendant at the trial. On the evening of June 4, 1959, appellant and his brother began at midnight and worked until 7:30 a.m., June 5th. Frank testified that during the time at work a truck driver, Lottra Thomas, conceived the idea to take some coils of wire out of the plant of the Youngstown Sheet and Tube Company. Thereupon, Thomas and appellant used a high lift to load two reels on a truck. After work appellant and his brother returned to their father's farm where the two reels had been placed in a field.

On June 5, 1959, about 9:30 a.m., a constable, Charles H. Morris, noticed two persons working at a truck in a field in Pulaski Township, Lawrence County. The farm belonged to appellant's father. Morris contacted the state police, and in company with three troopers returned to the truck in the field. There they came upon appellant and his brother dressed in work clothes; they were wearing gloves. Appellant was pulling the copper wire to the bed of a truck from one of the reels. Appellant's brother Frank was unwinding the wire from the reel and passing it to appellant in the truck. There was an anvil and sledge on the bed of the truck near the tail gate for use of both defendants. They were working hard in pulling the wire from the reel. They removed the insulation from the larger reel of copper wire as the wire was pulled up and placed on the truck. The larger reel weighed approximately 1,500

pounds and contained the copper wire covered with insulation. The smaller reel of bare copper wire, known as ground wire, weighed 1,050 pounds. Appellant, when questioned by the police, stated he did not know how the wire came to be in the field; that he was going to load it on the truck and take it back. This would indicate, in the light of all the circumstances, appellant's participation in, and guilt of, the crime charged.

The Commonwealth's evidence was that these two reels of copper wire had been taken from the plant of the Youngstown Sheet and Tube Company, at Campbell, Ohio. The truck on which defendants were found loading the wire, though registered in Ohio, belonged to the Supreme Bedding Manufacturing Company, a family firm which included appellant, his brother, and their father, Steve Gomori, Sr.

Proof of guilt may be established by circumstantial evidence. *Com. v. Lewis,* 190 Pa. Superior Ct. 591, 594, 155 A. 2d 410. The facts and circumstances, in order to warrant conviction, must be such as to establish the guilt of a defendant, not necessarily beyond moral certainty nor as being absolutely incompatible with his innocence, but at least beyond a reasonable doubt. *Com. v. Gregory,* 183 Pa. Superior Ct. 53, 57, 127 A. 2d 788.

The proper test to apply in determining the validity of a demurrer is whether the evidence of record and the inferences reasonably drawn therefrom would support a verdict of guilty. *Com. v. Frank,* 159 Pa. Superior Ct. 271, 278, 48 A. 2d 10. When an appeal follows a judgment of sentence and the ruling on the demurrer is questioned, the defendant will be discharged only if all the evidence in the case including that introduced after the entry of the demurrer is insufficient to support the jury's verdict. *Com. v. Ott,* 154 Pa. Superior Ct. 647, 651, 36 A. 2d 838.

When the police officers arrived at the Gomori farm, they found appellant and his brother in posses-

sion of the stolen reels. This is evidence of guilt of both on the charge of bringing stolen property into this state. *Com. v. Thurman,* 167 Pa. Superior Ct. 642, 645, 76 A. 2d 483.

In addition, from a review of the evidence a jury could reasonably infer that, when appellant aided in placing the two reels of copper wire on a truck at the Ohio plant, he knew that the reels were being taken feloniously out of the plant. Also, when appellant was found in possession of the reels of copper wire taken from the place of his employment in Ohio, and engaged in stripping the insulating material therefrom, and placing the wire on the truck owned by the Gomori family, the jury again could reasonably infer that he was one of the guilty parties in having had the stolen wire transported into the Commonwealth. The added circumstance of stripping the insulation from the wire indicated more than mere possession by appellant. The jury could find from the facts and circumstances that appellant was a person who had brought, aided, or assisted in bringing the stolen wire into the state. We said in *Com. v. Joyce,* 159 Pa. Superior Ct. 45, 48, 46 A. 2d 529, 530, 531 : "Possession of goods recently stolen is evidence that the possessor is the thief; . . . and it is for the jury alone to say whether the guilt of a de-fendant is a reasonable inference of fact, fairly deducible from his possession of recently stolen property, in the light of all the circumstances including the reasonableness of his explanation, if any, as to how he came by them." Appellant's guilt logically and conclusively follows from the facts established.

Appellant now attempts to submit questions relating to a new trial which were not properly raised in the court below; they will not be considered on appeal. *Com v. Mays,* 182 Pa. Superior Ct. 130, 126 A. 2d 530; *Com. v. Chisena,* 192 Pa. Superior Ct. 226, 229, 159 A.

2d 367. Appellant was given a fair trial and all of the safeguards were taken by the trial judge.

Judgment of sentence is affirmed.