## Commonwealth *v.* Landis, Appellant.

Argued September 13, 1960. Before GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (RHODES, P. J., absent).

374.

*Samuel Smith,* with him *Tabas & Smith,* for appellant.

*Arlen Specter,* Assistant District Attorney, with him *Domenick Vitullo,* Assistant District Attorney, *Paul M. Chalfin,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for Commonwealth, appellee.

OPINION BY GUNTHER, J., November 16, 1960:

These appeals are from the judgment of sentence imposed on two bills of indictment charging appellant, Bernard Landis, with corrupting the morals of a minor and contributing to the delinquency of the same minor.

At No. 366 December Sessions, 1959, defendant was charged with the crime of corrupting the morals of a minor in that he solicited, enticed and inveigled Irene Pierce, also known as Irene Brighton, to engage in sodomy and prostitution. At No. 368 December Sessions, 1959, he was also charged with contributing to the delinquency of the same minor. Eight other charges were brought against this defendant involving the same circumstances but these are not involved because he was found not guilty by the court below which heard the case without a jury.

The evidence of the Commonwealth disclosed that defendant engaged Nancy McMaster to put on a lewd

show at various stag affairs in the City of Philadelphia and he also requested the services of another girl. Nancy McMaster called the minor here involved and the two of them performed acts of sodomy upon each other and also upon persons called from the audience. At the termination of this lewd demonstration, these two girls solicited the audience of male members to commit acts of intercourse for which they received compensation. For the disposition of these appeals, we deem it unnecessary to relate the sordid details of these performances. It is sufficient to state that defendant was present when the shows were put on; that he received compensation for these shows and that he paid the two girls for their disgusting performances.

At the conclusion of the Commonwealth's evidence, the defendant demurred to the evidence and, when this was overruled, he testified in his own behalf. At the conclusion of the case, the court below sentenced defendant on each bill of indictment to a term of not less than 18 months nor more than 3 years in the Philadelphia County Prison, the sentences to run consecutively. Outside the demurrer filed, defendant took no exceptions to the action of the court below; no motions for directed verdict were filed; no motions for a new trial were presented and no motion in arrest of judgment was filed.

On this appeal, defendant challenges the sufficiency of the evidence to sustain the convictions and also raises the issue that no evidence was offered by the Commonwealth to show that the jurisdiction of the Juvenile Court had attached to the minor before the crime of contributing to the delinquency of a minor may be sustained. Defendant also contends that he cannot be found guilty of corrupting the morals of a minor and at the same time and on the same evidence be also found guilty of contributing to the delinquency of a minor.

The Commonwealth contends that the appeals should be dismissed because no post-conviction motions for a new trial or in arrest of judgment were filed. We have stated repeatedly that matters not properly raised in the court below cannot be invoked on appeal. *Commonwealth v. Gary,* 193 Pa. Superior Ct. 111, 163 A. 2d 696; *Commonwealth v. Mays,* 182 Pa. Superior Ct. 130, 126 A. 2d 530; *Commonwealth v. Aikens,* 179 Pa. Superior Ct. 501, 118 A. 2d 205; *Commonwealth v. Pittman,* 179 Pa. Superior Ct. 645, 118 A. 2d 214. Only in extremely extraordinary circumstances have we deviated from this rule.

The matters attempted to be raised by way of appeal should have been considered and disposed of by the court below. Because of the failure of the defendant to adhere to proper post-conviction procedures, the court below made no disposition of the matters now raised for the first time. These procedures are designed for the proper administration of justice and attempts to by-pass them will not be considered favorably.

The appeals are quashed.