Commonwealth *v.* Jackson, Appellant.

540

Submitted November 14, 1961. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

Before O'CONNELL, P. J.

*James Jackson,* appellant, in propria persona.

*John K. Best,* Assistant District Attorney, and *Richard E. McCormick,* District Attorney, for appellee.

OPINION BY RHODES, P. J., December 14, 1961:

In this case defendant has attempted to question nine convictions and sentences on nine indictments charging nine distinct burglaries by taking a single appeal to this Court. Furthermore, the single appeal taken was not filed within the limitation of forty-five days provided in the Act of May 19, 1897, P. L. 67, as amended, 12 PS §1136.

On November 21, 1960, defendant pleaded not guilty to an indictment at No. 19, October Term, 1960, Court of Quarter Sessions of Westmoreland County (No. 6, October Term, 1960, Court of Oyer and Terminer), charging burglary, larceny, and receiving stolen property. He was found guilty after a trial before President Judge O'CONNELL and a jury; sentence was imposed on November 23, 1960.[1] On November 25, 1960, two days after sentence, a motion for new trial was filed by his counsel. The court below entered an order refusing a new trial on May 6, 1961. Defendant's appeal to this Court was taken, and the certiorari issued on June 8, 1961.

Severance having been granted, defendant, on February 14, 1961, was arraigned and pleaded not guilty to eight separate indictments, Nos. 18, 20, 21, 22, 23, 28, 29, and 30, October Term, 1960, Court of Quarter Sessions of Westmoreland County (Nos. 9, 5, 6, 10, 11, 7, 12, and 8, January Term, 1961, Court of Oyer and Terminer), charging burglary, etc., on as many distinct occasions in New Kensington, Westmoreland County.

---

[1] Sentence was for a term of not less than three years nor more than six years in the State Correctional Institution at Pittsburgh.

He was tried before Judge KEIM and a jury, and was found guilty on the eight indictments. No post-conviction motions were filed by defendant or his attorney in any of the eight convictions. On February 16, 1961, Judge KEIM imposed separate sentences on each of the eight indictments. In a single writ of certiorari issued on June 8, 1961, defendant attempts to include appeals from all nine convictions and sentences—the one where President Judge O'CONNELL imposed sentence on November 23, 1960, and the eight separate sentences imposed by Judge KEIM on February 16, 1961. All cases were certified from the Court of Quarter Sessions of Westmoreland County to the Court of Oyer and Terminer of said county and numbered accordingly.

The appeals attempted to be taken from the eight convictions and sentences imposed by Judge KEIM are clearly invalid and are not before us. (1) Defendant cannot include several appeals from separate convictions and sentences in one writ of certiorari. Where convictions of separate and distinct crimes are had under separate indictments, separate and distinct appeals must be taken from the separate sentences imposed thereon. *Com. v. Schollenberger,* 17 Pa. Superior Ct. 218, 219; *Com. v. Falls,* 102 Pa. Superior Ct. 392, 393, 156 A. 894; *Com. v. Blose,* 160 Pa. Superior Ct. 165, 167, 50 A. 2d 742. (2) Appeals taken after the expiration of the limitation of forty-five days applicable to appeals from the Court of Quarter Sessions and from the Court of Oyer and Terminer must be quashed as taken too late. Act of May 19, 1897, P. L. 67, as amended, 12 PS §1136; *Pittsburgh v. Ruffner,* 134 Pa. Superior Ct. 192, 197, 4 A. 2d 224. (3) Since no post-conviction motions were filed in the court below as to the eight convictions before Judge KEIM, the applicable rule is that matters not raised in the court below cannot be considered on appeal. *Com. v. Mays,* 182 Pa.

Superior Ct. 130, 126 A. 2d 530; *Com. v. Gomori,* 192 Pa. Superior Ct. 325, 330, 161 A. 2d 649; *Com. v. Landis,* 193 Pa. Superior Ct. 373, 376, 165 A. 2d 110.

At No. 19, October Term, 1960, Court of Quarter Sessions (No. 6, October Term, 1960, Court of Oyer and Terminer), tried before President Judge O'CONNELL, sentence was imposed on November 23, 1960; defendant's trial motion was filed on November 25, 1960, two days after sentence, and refused on May 6, 1961. The court below did not set aside the sentence, open the judgment, or otherwise stay the proceedings. Defendant's motion for new trial, filed after sentence, did not therefore prevent the running of the forty-five day appeal period. Act of May 19, 1897, P. L. 67, as amended, 12 PS §1136; *Com. v. Mackley,* 380 Pa. 70, 75, 110 A. 2d 172, affirming 175 Pa. Superior Ct. 304, 104 A. 2d 169; *Com. v. Schneiderman,* 162 Pa. Superior Ct. 461, 463, 58 A. 2d 196; *Com. v. Monaghan,* 162 Pa. Superior Ct. 530, 532, 58 A. 2d 486. Cf. *Com. v. Leonard,* 10 Dist. 573. The appeal at No. 19, October Term, 1960, Court of Quarter Sessions (No. 6, October Term, 1960, Court of Oyer and Terminer), is, strictly speaking, invalid as not having been taken within the forty-five day limitation period.

However, even if we assume that defendant's appeal was in time, and referable to his conviction and sentence at No. 19, October Term, 1960, Court of Quarter Sessions (No. 6, October Term, 1960, Court of Oyer and Terminer), we find it to be without merit. In his brief in this Court, defendant raises three questions which relate to the trial on the eight indictments before Judge KEIM on February 14, 1961, and which do not relate to the trial on November 21, 1960, before President Judge O'CONNELL. Defendant alleged variation between the dates of the burglaries as set forth in the indictments and bill of particulars and as proved at the trial. This point was not raised at the trial. Where

no claim of variance is made at the trial, defendant waives any alleged variance between the indictment and proofs. *Com. ex rel. Tyson v. Day,* 181 Pa. Superior Ct. 259, 266, 124 A. 2d 426. Defendant also alleged that three written confessions signed by him were invalid since they show that he signed them in blank, and that the dates of the burglaries were filled in later by the police. When these confessions were admitted in evidence at the trial, defendant argued fully to the jury, and, by cross-examination of witnesses, presented his contention relating to the alleged invalidity of the confessions, and the jury decided adversely to defendant. Cf. *Com. ex rel. Norman v. Banmiller,* 395 Pa. 232, 236, 149 A. 2d 881. Even if the question could be raised, no trial error is disclosed.

Defendant further states that Judge KEIM committed prejudicial error at the trial on the eight indictments which were tried together when he indicated that, in his opinion, the corpus delicti had been proved by the Commonwealth in each burglary charged. Judge KEIM made this statement in the course of a long colloquy with the defendant and in explaining to him that defendant's personal closing address to the jury would not be recorded stenographically. The remarks of the judge were not part of the formal charge; they were provoked by defendant, and certainly constituted no fundamental error when considered in context.

Finally, not one of the three questions raised by defendant in his brief in this Court was raised in defendant's motion for new trial filed below at No. 19, October Term, 1960, the Court of Quarter Sessions (No. 6, October Term, 1960, Court of Oyer and Terminer), before President Judge O'CONNELL. See *Com. v. Gomori,* supra, 192 Pa. Superior Ct. 325, 330, 161 A. 2d 649. We have mentioned these matters merely to show that there is no merit in defendant's appeal from any point of view.

The appeal at No. 237, April Term, 1961, is quashed.