UNITED STATES of America ex rel.
James JACKSON, Petitioner,

v.

James F. MARONEY, Superintendent,
State Correctional Institution,
Pittsburgh, Pennsylvania.

Civ. A. No. 65-533.

United States District Court
W. D. Pennsylvania.

Oct. 11, 1965.

James Jackson, pro se.

John K. Best, First Asst. Dist. Atty.,
Greensburg, Pa., for respondent.

MARSH, District Judge.

Relator's amended[1] petition for the writ of habeas corpus alleges ineffective assistance of counsel and the "illegal procurement and use of the involuntary confession." A rule to show cause was issued and the District Attorney of Westmoreland County was directed to submit the records required by Rule 16(g) of this court. The District Attorney has complied and relator's state court records are now before me.[2]

On June 19, 1960, relator was arrested in Harrison Township, Allegheny County, Pennsylvania. During interrogation, he implicated himself in several burglaries in and about New Kensington, Westmoreland County, Pennsylvania. He gave statements to the New Kensington

---

1. Relator first filed a petition for the writ of habeas corpus on May 20, 1965. In a *memorandum order*, signed by the Chief Judge, the petition was returned to the relator for failure to pay filing fees. The petition was refiled on June 11, 1965. However, *no facts were alleged which* would warrant the issuance of a writ of habeas corpus. By order dated June 29, 1965, I granted relator an opportunity to amend his petition in order to set forth facts which he deemed to be sufficient for this court to grant a writ of habeas corpus. On July 15, 1965, the relator, pursuant to my order, filed the present petition.

2. Relator's original petition for the writ of habeas corpus to the Court of Common Pleas of Westmoreland County has been misplaced. (See letter of C. Omelite, Clerk, to Mr. Bolsinger, filed at No. 389 January Term, 1964, Court of Common Pleas.) I will treat relator's facsimile filed with the original petition in this court, as a correct copy of his petition to the state court disregarding, however, additions obviously made subsequent to the date of filing in the state court.

police admitting several burglaries in the New Kensington area.

On July 27, 1960, the Westmoreland County Grand Jury returned true bills on 12 indictments [3] variously charging relator with burglary and with burglary, larceny, and receiving stolen property.

On November 22, 1960, after a jury trial before the Honorable John M. O'Connell, P. J., relator was found guilty of burglary, larceny and receiving stolen property at No. 19 October Term, 1960 (No. 6 October Term, 1960, Court of Oyer and Terminer). Relator's defense was conducted by court appointed counsel, Patrick McKague, Esq., who was apparently successful in having this case severed from the others.[4] On November 23, 1960, relator was sentenced by Judge O'Connell to imprisonment for a term of from 3 to 6 years.[5]

On February 14, 1961, relator was tried by a jury before the Honorable Earl S. Keim at Nos. 5, 6, 7, 8, 9, 10, 11 and 12 January Term, 1961, Court of Oyer and Terminer.[6] At this trial he was again represented by Patrick McKague, Esq., although relator took an active part in defending himself. On Feb-

ruary 16, 1961, relator was found guilty at all numbers and was sentenced to imprisonment for a total of from 30 to 60 years.[7]

Relator attempted to appeal all his convictions and sentences including that of November, 1960. The appeal was quashed.[8]

A Motion in Arrest of Judgment filed in Westmoreland County on December 18, 1963, was denied by the court en banc.

On February 10, 1964, relator filed his petition for the writ of habeas corpus at No. 389 January Term, 1964, in the Court of Common Pleas of Westmoreland County raising, inter alia, the same issue presented here. From an order of Judge Keim dismissing the petition, relator appealed. The Superior Court affirmed per curiam.[9] Allocatur was denied.[10]

In support of his allegation of ineffective aid and assistance of counsel, relator states that he was without the aid of counsel until minutes before his trial on November 21, 1960; [11] that he was held incommunicado by the police after his arrest; and that when he was

---

3. Nos. 18, 19, 20, 21, 22, 23, 25, 26, 27, 28, 29 and 30 October Term, 1960, Court of Quarter Sessions of Westmoreland County. Nos. 25, 26 and 27 October Term, 1960, were subsequently nolle prossed.

4. See: T., p. 9 (Feb. 14–15–16, 1961).

5. Respondent's answer to the petition discloses that on November 23, 1963, relator was paroled on a "previous sentence" and immediately began serving the sentences imposed on February 16, 1961. I assume that the "previous sentence" referred to by respondent was the sentence of November 23, 1960. Accordingly, I will consider any claims relator makes concerning the illegality of that detention. Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963).

6. On February 14, 1961, the original indictments were certified from the Court of Quarter Sessions to the Court of Oyer and Terminer and new numbers were assigned to them.

7. Relator was sentenced consecutively on each indictment. He attacks not only his present detention, but also sentences

which he has not yet begun to serve. The writ, if granted, would entitle relator to immediate release. I, therefore, feel justified in deciding the merits of the petition. Cf. Palumbo v. State of New Jersey, 334 F.2d 524 (3d Cir. 1964); Ingenito v. State of New Jersey, 238 F.2d 935 (3d Cir. 1956). Sentences on Nos. 11 and 12 January Term, 1961, Oyer and Terminer, were suspended.

8. Commonwealth ex rel. Jackson v. Maroney, 196 Pa.Super. 539, 176 A.2d 178 (1961).

9. Commonwealth ex rel. Jackson v. Maroney, 204 Pa.Super. 746, 205 A.2d 119 (1964).

10. See letter of Patrick N. Bolsinger, Prothonotary, attached to exhibits filed by relator.

11. A continuance was not requested on November 21, 1960, by relator or his counsel, and the trial transcript on its face does not reflect lack of preparation or ineffective aid of counsel. In response to a question asked by the judge at the

eventually taken before an alderman, he was denied the aid of counsel and the right to face his accusers. On his claim of ineffective assistance of counsel only the initial averment is relevant and raises the question of whether this fact, standing alone, is sufficient to conclude that the assistance of counsel was not effective.

 The Constitution does not specify any length of time which must intervene between the appointment of counsel and the trial. Avery v. State of Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940). A mere perfunctory appearance by a court appointed lawyer who does nothing whatever, either before or during the trial, to advise his client or protect his rights does not satisfy the constitutional requirement. Turner v. State of Maryland, 303 F.2d 507 (4th Cir. 1962).

 However, relator alleges no facts showing that his court appointed counsel's appearance was perfunctory. He does not allege that counsel failed to consult sufficiently with him, that counsel failed to adequately investigate the facts and the law, that he failed to present a defense available to relator or that any omissions on the part of counsel resulted from lack of preparation rather than from a choice of trial tactics. Cf. Eubanks v. United States, 336 F.2d 269 (9th Cir. 1964); Brubaker v. Dickson, 310 F.2d 30 (9th Cir. 1962). On the contrary, nothing is alleged except that counsel was not appointed until minutes before the trial, and this allegation, in and of itself, does not support the conclusion that the assistance of counsel was ineffective. United States ex rel. Tillery v. Cavell, 294 F.2d 12 (3d Cir: 1961). On this issue the petition must be denied.

Relator also contends that an involuntary confession was admitted into evidence at his trial of February 14, 1961, and that the issue of the voluntariness of this confession was not determined in the first instance outside the presence of the jury as required by Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

The confession, consisting of three statements signed by relator, was admitted into evidence at the trial without objection.[12] It is my opinion, however, that relator sufficiently raised the issue of the voluntariness of the confession at the trial through cross-examination of the Commonwealth's witnesses and by his own testimony when he took the stand in his own behalf.[13] Moreover, the answer to the petition for the writ filed in this court by the District Attorney discloses that relator strenuously argued to the jury in his closing address that the confession was involuntary.[14]

In this respect the situation presented here is not unlike the situation presented in Jackson v. Denno, supra. In that case no objection was made when the alleged involuntary statement was admitted into evidence. However, subsequent testimony showed the circumstances surrounding the confession and, finally, in response to a question by the trial judge, counsel for the defendant stated that the voluntariness of the confession was being challenged.

The practice prevailing in the Commonwealth of Pennsylvania at the time of relator's trial and at the time his habeas corpus petition was decided by the Court of Common Pleas of Westmoreland County was that approved in Stein v. People of State of New York, 346 U.S. 156, 73 S.Ct. 1077, 97 L.Ed. 1522 (1953), whereby contested confessions were submitted to the trial jury without a prior independent determination of their voluntariness. See: Commonwealth ex rel.

trial on February 14, 1961, relator stated that the services of his appointed counsel, Mr. McKague, were obtained on November 15, 1960 (T., p. 2 (Feb. 14–15–16, 1961)).

12. T., p. 84 (Feb. 14–15–16, 1961).

13. T., pp. 85–90, 112–121 (Feb. 14–15–16, 1961).

14. The closing arguments were not transcribed.

Butler v. Rundle, 416 Pa. 321, 206 A.2d 283 (1965).

Subsequent to the decision in Jackson v. Denno, supra, which overruled Stein, the Pennsylvania Supreme Court announced its adherence to the new principle. Commonwealth v. Tabb, 417 Pa. 13, 207 A.2d 884 (1965); Commonwealth ex rel. Butler v. Rundle, supra; Commonwealth ex rel. Linde v. Maroney, 416 Pa. 331, 206 A.2d 288 (1965); Commonwealth ex rel. Isenberg v. Maroney, 416 Pa. 430, 206 A.2d 379 (1965); Commonwealth ex rel. Gaito v. Maroney, 416 Pa. 199, 204 A.2d 758 (1964). Moreover, it was announced that in Pennsylvania the Jackson rule would be applied retroactively. Commonwealth ex rel. Butler v. Maroney, supra.

From the foregoing it is readily apparent that the relief once denied him under the old decisions is now fully available to the relator in the state courts under the most recent decisions. Indeed, the Supreme Court of Pennsylvania, in denying allocatur for reasons of late filing, indicated that its disposition did not preclude relator from *"filing a new petition in the Court of Common Pleas of Westmoreland County* setting forth applicable grounds for a hearing or writ, *including the allegation that a hearing is required to determine the voluntariness of the 1960 confession."* [15] (Emphasis ours.)

 Upon consideration of the records, it is my opinion that relator's contention is well founded, and that he is entitled to a hearing to determine the voluntariness of his confession. However, the Commonwealth is entitled to make this determination of voluntariness vel non before this federal court acts on a petition for a writ of habeas corpus. Jackson v. Denno, supra, 378 U.S. p. 393, 84 S.Ct. p. 1789.

The Commonwealth should have an opportunity to hold a reasonably prompt hearing, consistent with the requirements of due process, in the presence of relator and after the appointment of counsel, in order to determine the voluntariness of the confession introduced into evidence at his trial of February 14, 1961. Commonwealth ex rel. Gaito v. Maroney, supra. In the alternative the Commonwealth may elect to give relator a new trial. Jackson v. Denno, supra, 378 U.S. p. 395, 84 S.Ct. p. 1790.

Pending the Commonwealth's action, the petition for the writ of habeas corpus filed in this court will be stayed for a period of ninety (90) days. If, within that time, or any extension granted for good cause, a hearing is held or relator is retried, the petition will be denied. If the Commonwealth does not afford the relator a hearing or does not retry him within the ninety day period, or any extension thereof, the writ will be granted and the relator released. Boles v. Stevenson, 379 U.S. 43, 85 S.Ct. 174, 13 L.Ed.2d 109 (1964).

An appropriate order will be entered.

---

15. See Per Curiam order of the Supreme Court contained in the letter of Patrick N. Bolsinger, Prothonotary, dated April 28, 1965, and included in the exhibits filed by relator.