450 A.2d 99

**COMMONWEALTH of Pennsylvania**

v.

**George REICHARTER, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1980.

Filed Sept. 3, 1982.

Steven E. Wolfe, Levittown, for appellant.

Sarah Vandenbraak, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, WATKINS and MONTGOMERY, JJ.

WATKINS, Judge:

This is an appeal by the defendant-appellant, George Reicherter, from the judgment of sentence of the Court of Common Pleas, Criminal-Trial Division, of Philadelphia County, after conviction, non-jury, of theft by receiving stolen property. No written post-verdict motions were filed, but oral motions were argued and denied. The defendant was sentenced to three (3) years probation and fined $50.00.

The trial judge failed to advise the defendant of his right to file post-verdict motions as provided by *Pa. Rule of Criminal Procedure 1123 (c)*.

The questions raised on appeal are as follows: A. The failure to the court below to advise the defendant of his

right to file post-verdict motions; B. ineffective assistance of counsel; and C. insufficiency of the evidence.

The facts are as follows: On May 23, 1978, Mr. Edward Cantelmi's Ford truck was stolen from a Penn Fruit parking lot in Philadelphia. At the time of the theft the truck was equipped with a large camper cap (eight foot long, five and one-half feet wide, and three feet high) bolted to the bed of the pickup truck. This truck, stripped and the camper cap removed, was subsequently discovered on May 28, 1978, near the Torresdale train station in Philadelphia. Five hours later the camper cap was discovered on defendant's lawn, approximately two hundred and twenty-five yards from the location where the truck was found, with defendant and two other males standing nearby.

 The complaint concerning the insufficiency of the evidence is without merit. The evidence need only be such as to establish the guilt of the defendant beyond a reasonable doubt. *Commonwealth v. Gomori*, 192 Pa.Superior Ct. 325, 329, 161 A.2d 649 (1960). The evidence was clearly sufficient for the fact finder to reasonably infer that defendant possessed the camper cap, and knew that it was stolen.

 The claims of ineffective assistance of counsel and failure of the court below to advise the defendant of his right to file post-verdict motions are connected as the contention is that counsel was ineffective in failing to object to the oral disposition of post-verdict motions and advise his client of his right to file written motions. The question arises as to whether the defendant, on proper advice, knowingly and voluntarily waived his right to file.

The case is remanded to the court below for an evidentiary hearing to decide whether counsel had advised the defendant of his right to file post-verdict motions and whether the right to so file had been waived. In the event that it is found that no such advice was given and the right was not

waived, written motions may be filed, nunc pro tunc. Jurisdiction is relinquished.