Commonwealth ex rel. Johnson, Appellant,
*v.* Maroney.

Submitted April 16, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Lewis F. Johnson,* appellant, in propria persona.

*Michael A. Hanna,* District Attorney, for appellee.

OPINION BY RHODES, P. J., June 13, 1963:

This is an appeal by relator from an order of the Court of Common Pleas of Washington County refusing his petition for a writ of habeas corpus without a hearing.

Relator was arrested on September 5, 1959, on six counts of burglary and larceny, and pleaded guilty to said charges on October 13, 1959, at Nos. 203, 204, 205, and 206, September Sessions, 1959, in the Courts of Quarter Sessions and Oyer and Terminer of Washington County. He was then sentenced to the Western State Penitentiary to serve a term of four to eight years on each count, the sentences to run concurrently. The court stated that the sentences were to begin on September 5, 1959, the date of relator's arrest. Following conviction and sentences, relator was returned to the same institution as a parole violator on a previous commitment. Relator was informed by the prison officials that he was required to serve the balance of his previous sentence, under which there remained a period of

twenty-three months and twenty-seven days, before the other sentences would begin to run. See *Com. ex rel. Smith v. Hendrick,* 196 Pa. Superior Ct. 289, 291, 175 A. 2d 92.

In his petition for writ of habeas corpus relator contends (1) that the prison officials had no legal right to change the effective date of his sentences imposed on October 13, 1959; (2) that the record of the criminal proceedings show that his pleas of guilty were entered without an intelligent waiver of counsel; (3) and that he was not advised of his constitutional rights to counsel.

Relator's first contention is without merit. Relator is required by law to serve the balance of the unexpired portion of the first sentence before commencing service of the sentence for the crimes committed while on parole. Act of June 19, 1911, P. L. 1055, §10, as amended, 61 PS §305; Act of August 6, 1941, P. L. 861, as amended, 61 PS §331.21a.[1] The manner and order of service of imprisonment having been specified by law, the courts are powerless to change it. *Com. ex*

---

[1] "Section 10 of the Act of June 19, 1911, P. L. 1055, as amended last in 1931 (61 PS §305), is the law today, except as repealed in part by implication by the Act of August 6, 1941, P. L. 861 and its amendments and supplements, 61 PS §331.1 et seq. Under this section, a convict returned to prison for commission of a crime while on parole is not given credit for the time on parole and is required to serve 'the remainder of the term (without commutation).' This was the rule and practice of this Commonwealth from the passage of the original indeterminate sentence Act of May 10, 1909, P. L. 495, 19 PS §1081 et seq. . . . Since the Board of Parole Act of 1941, the board may reparole a prisoner serving back time under its jurisdiction, if 'the best interests of the prisoner justify or require his release on parole and it does not appear that the interests of the Commonwealth will be injured thereby.' Section 21.1, supra." *Com. ex rel. Haun v. Cavell,* 190 Pa. Superior Ct. 346, 354, 154 A. 2d 257, 261; certiorari denied 363 U. S. 855, 80 S. Ct. 1618, 4 L. Ed. 2d 1737, rehearing denied 364 U. S. 857, 81 S. Ct. 36, 5 L. Ed. 2d 81.

*rel. Godfrey v. Banmiller,* 404 Pa. 401, 404, 171 A. 2d 755; *Com. ex rel. Wright v. Maroney,* 201 Pa. Superior Ct. 118, 191 A. 2d 866.

In the present habeas corpus proceeding the District Attorney did not file an answer to the relator's petition. Therefore relator's averment of circumstances entitling him to counsel on his pleas of guilty stands undenied. Orderly proceedings require that a district attorney file an answer to habeas corpus petitions in criminal cases so that relevant factual and legal questions may be presented to the court.

We note that no hearing was held on this petition. Whether or not a prisoner should be produced for a hearing in a habeas corpus proceeding is determined by the issue raised in the particular case. *Com. ex rel. Gaurich v. Keenan,* 181 Pa. Superior Ct. 619, 622, 623, 124 A. 2d 144.

We believe that the District Attorney of Washington County must file an answer to the habeas corpus petition for a proper determination of the vital issue raised below, and that a hearing should be held to ascertain the specific issues of fact.

The order of the Court of Common Pleas of Washington County refusing the writ is reversed, and the case is remanded for further proceedings consistent with this opinion.