Opinion by
Rhodes, P, J.,
. . /This is an appeal, by relator, from an order of the Court of Common Pleas of Westmoreland County refusing his petition for a writ of., habeas corpus without .a hearing. .
-Adam J. Sanders was sentenced on April 16, 1948, to, serve ■ a term of not less than four years nor more ,than eight years in the penitentiary. He was paroled on October 27, 1953, after having served five years, six months, and eleven days.
. On- August 26, 1958, relator pleaded guilty to .charges of armed robbery and assault with intent to rob, and received a sentence of not less than ten years nor more than twenty years in the State Correctional Institution at Pittsburgh. The court directed his sentence to be computed from August 26, 1958.
■ • A^ the penitentiary relator learned from the parole board ..that he would be obliged to serve the; balance of his prior sentence before he began to receive credit on the sentence of ten to twenty years imposed on August 26, 1958. ...
Relator filed a petition for a writ of habeas corpus in the Court of Common Pleas of Westmoreland County. The lower court refused a hearing and dismissed the petition on July 23, 1963.
In his petition for writ of habeas corpus relator contends. (1) that the parole board had no legal right to change the effective date of the sentence; (2) that, if-the sentence is in conflict-with the law, it'is not a legal sentence and thus his conviction to prison under Such sentence is illegal; and (3) that the act so granting the power is unconstitutional.
Relator’s petition is without merit.
Relator is required by law to serve the balance of the unexpired portion of the first sentence before commencing service of the sentence for the crimes committed while on parole. Act of June 19, 1911, P. L. *204 1055, §10, as amended, 61 PS §305; Act of August 6, 1941, P. L. 861, as amended, 61 PS §331.21a. The manner and order of service of imprisonment having been specified by law, the courts are powerless to change it. Com. ex rel. Johnson v. Maroney, 201 Pa. Superior Ct. 248, 250, 191 A. 2d 704.[1] The intention of the sentencing judge is immaterial. Com. ex rel. Kunkle v. Claudy, 171 Pa. Superior Ct. 557, 561, 91 A. 2d 382.
Although the sentence may be improper, the relator should not be discharged. At most, relator is entitled to a correction of the order of service of his sentence, but this has no effect upon his right to discharge. Com. ex rel. Cooper v. Banmiller, 193 Pa. Superior Ct. 524, 531, 165 A. 2d 397.
It has been decided that the Act of June 19, 1911, P. L. 1055, as amended, 61 PS §305, and the Act of August 6, 1941, P. L. 861, as amended, 61 PS §331.1 et Seq., are constitutional. Com. ex rel. Harman v. Burke, 171 Pa. Superior Ct. 547, 556, 91 A. 2d 385.
The order of the court below is affirmed.

 See footnote quoting from Com. ex rel. Haun v. Cavell, 190 Pa. Superior Ct. 346, 354, 154 A. 2d 257, 261.