## Commonwealth ex rel. Gaito, Appellant, *v.* Maroney.

Argued October 6, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Stanley J. Reisman,* with him *Zigmund L. Dermer,* for appellant.

*Edwin J. Martin,* Assistant District Attorney, with him *Louis Abromson,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for appellee.

Opinion by Mr. Chief Justice Bell, November 24, 1964:

Appellant filed a petition for a writ of habeas corpus which was dismissed without hearing. The Superior Court affirmed the Order dismissing petition, and we allowed an allocatur. The Order must be reversed.

Frank Gaito and Joseph Gaito, brothers, were tried and convicted by a jury of (1) burglary, and (2) assault with intent to kill. On July 12, 1960, substantial prison sentences were imposed on both brothers.

The judgments were affirmed by the Superior Court in *Commonwealth v. Gaito,* 195 Pa. Superior Ct. 356, 172 A. 2d 184. This Court denied an allocatur. The United States Supreme Court denied certiorari, 368 U.S. 998. As a result of the above mentioned convictions, Gaito was recommitted to prison for violation of parole to serve the balance of previously imposed sentences. The prior sentences have not yet expired and consequently Gaito has not commenced to serve the sentences imposed for his aforesaid crimes of burglary and assault with intent to kill. Cf. *Ex Parte Cleio Hull,* 312 U.S. 546.

Gaito's petition for a writ of habeas corpus alleges, inter alia, that his oral confession of (1) burglary, and (2) assault with intent to kill was erroneously admitted at the trial of his case. The pertinent facts may be thus summarized:

Several burglaries had been committed in Dormont Borough, Allegheny County, Pennsylvania. On the occasion involved, an off-duty policeman was hiding in his darkened home anticipating a visit by the burglars. They arrived. Shots were exchanged. The policeman and one of the burglars suffered shotgun wounds. The burglars escaped.

Several hours later, Frank Gaito was found outside the Mercy Hospital in a critical condition, suffering from a bullet wound in the abdomen. He was operat-

ed on almost immediately. About four hours after the operation was completed, Gaito was questioned by an assistant district attorney, who testified at Gaito's trial that Gaito orally admitted participating in the burglary. Gaito testified that he had no recollection of anything that happened for about twenty-four hours after the operation. The hospital records show that at the time of the questioning, Gaito was under the influence of drugs injected before and after the operation, and that about the time involved, he was speaking incoherently.

Gaito's oral confession was admitted at his trial, over his objection, and the question of its voluntariness was left to the jury who, as above noted, found him guilty. This practice of having a jury determine the voluntariness of a confession was in accord with the long established principles enunciated and the practice followed in Pennsylvania* for more than a century, and had been approved by the Supreme Court of the United States. See: *Stein v. New York,* 346 U.S. 156 (1953).

*Jackson v. Denno,* 378 U.S. 368 (June 22, 1964) abruptly changed the law. It decided: (1) that the voluntariness of a confession made by an accused or by a defendant in a criminal case must be determined in the first instance by the Court, either prior to the jury trial or in any event outside the presence of the jury trying his guilt; (2) that an accused is entitled to a hearing in a State Court—(a) by a Judge, or (b) by a Court, or (c) by a jury which is not the jury deciding guilt or innocence, if the State requires or allows such jury determination—on the issue of the voluntariness of his confession; (3) thereafter, if the Judge or Court or jury finds the confession was voluntary, it is admissible in the trial of the case on the

---

* and in 15 other states.

merits of guilt or innocence and may be considered by this jury together with all the other evidence in the case, with, however, the right of this jury to itself determine the voluntariness of the confession and of course its truthfulness and weight; (4) if the Court decides that the confession was involuntary (or coerced), it is a violation of due process (a) to admit it in evidence; or (b) to support a conviction which is based in whole or in part thereon, regardless of the truth of the confession and even though there may be other evidence amply sufficient to support the conviction; and (c) in such a case, a new trial must be granted. (5) If, on appeal from the conviction or in habeas corpus, the record discloses that prior to *Jackson v. Denno,* (a) a defendant had been found guilty in a trial in which the voluntariness of the confession was controverted or was in issue under the evidence, and (b) the confession was admitted without a prior hearing and ruling thereon by the Court as to its voluntariness, the case must be remanded to the trial Court for a hearing on the question of voluntariness of the confession. If the Court of original jurisdiction or the appellate Court, in the event of an appeal, decides that the confession was voluntary, the judgment and sentence shall be sustained.

Governed by *Jackson v. Denno,* supra, and the mandate therein contained, we make the following Order:

The Order of the Superior Court is reversed; the Order of the Court of Common Pleas of Allegheny County is reversed; and the record is remanded to the Court of Quarter Sessions with directions to promptly hold a hearing, in the presence of the defendant and consistent with the requirements of due process, to determine the voluntariness of Gaito's oral confession which was introduced in evidence at his trial before that Court for burglary and assault with intent to kill. If Gaito is without counsel at that hearing, the

Court shall appoint counsel to represent Gaito in said proceedings. After such hearing, that Court shall enter an appropriate Order based upon its findings and conclusions and consistent with this Opinion.

Record remanded, with directions.