## Commonwealth ex rel. Isenberg, Appellant, *v.* Maroney.

Submitted October 5, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*John P. Isenberg,* appellant, in propria persona.

*Louis Abromson,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for appellee.

OPINION BY MR. JUSTICE ROBERTS, January 22, 1965:

John Isenberg, shortly after a 1954 confession, was convicted of second degree murder and is now serving a sentence of ten to twenty years. Isenberg's 1964 petition for a writ of habeas corpus was dismissed by the court below without a hearing. In its opinion, the Court of Common Pleas of Allegheny County found no merit in any of petitioner's numerous contentions. The dismissal of the petition is the subject of this appeal.[1]

Having carefully reviewed the lengthy petition and the numerous allegations which it contains, we believe that only one contention merits discussion. We have concluded that this contention, however, was erroneously disposed of by the court below.

---

[1] Because the case involves murder, the appeal is directly to this Court. Act of May 25, 1951, P. L. 415, §7, 12 P.S. §1907; Act of June 24, 1895, P. L. 212, §7.4, as added by Act of August 14, 1963, P. L. 819, No. 401, §2, 17 P.S. §191.4 (Supp. 1963).

The appellant-petitioner was serving a sentence for burglary when he confessed to the then unsolved murder for which he was later convicted. The confession was made after petitioner had written a letter to a police officer in which he offered to give him information. According to his allegations, petitioner was a dope addict at this time and was undergoing withdrawal treatment. The contention he makes is that his confession was involuntarily given because he was under the oppressive effects of the withdrawal treatment and made the confession in a desperate attempt to obtain drugs.

At his trial for the murder, petitioner raised this issue and it was argued and submitted to the jury. Pennsylvania trial practice at that time was to instruct the jury that if the jury found the confession involuntary it was to be entirely disregarded and was not to be further considered in the jury's deliberations. This practice, without any prior independent determination of voluntariness, has been subsequently held to be violative of constitutional requisites of due process of law. *Jackson v. Denno,* 378 U.S. 368, 84 S. Ct. 1774 (1964).[2]

In its opinion, the court below did not discuss the effect of the *Jackson* ruling on this petitioner's status, nor did the Commonwealth deal with the pertinence of *Jackson* in its brief. In its brief, the Commonwealth cites *Commonwealth ex rel. Norman v. Banmiller,* 395 Pa. 232, 149 A. 2d 881 (1959), *Commonwealth ex rel. Adams v. Banmiller,* 391 Pa. 140, 137 A. 2d 508 (1958) (per curiam), affirming 45 Del. Co. 12, 11 Pa. D. & C. 2d 65 (1957), cert. denied, 357 U.S. 929, 78 S. Ct. 1374 (1958), and *Commonwealth ex rel. Geiger v. Burke,* 371 Pa. 230, 89 A. 2d 495 (1952).[3]

---

[2] Our Criminal Procedural Rules Committee is currently in the process of preparing rules which will conform our future practice to the *Jackson* requirements.

[3] See also *Commonwealth ex rel. Firmstone v. Burke,* 175 Pa. Superior Ct. 128, 135, 103 A. 2d 476, 479 (1954).

The Commonwealth, relying on these cases, urges that a jury determination of voluntariness forecloses the right to raise the issue in a habeas corpus proceeding. To the extent that the cited cases so hold, they are clearly in conflict with the mandate expressed in *Jackson*. Since the holding of *Jackson* is that procedures similar to our prior practice of determining voluntariness violate due process and fundamentally deprive the defendant of a fair trial, the issue may be raised on a petition for a writ of habeas corpus.[4] See *Commonwealth ex rel. Elliott v. Baldi*, 373 Pa. 489, 494, 96 A. 2d 122, 124-25, cert. denied, 345 U.S. 976, 73 S. Ct. 1125 (1953); *Commonwealth ex rel. Gaito v. Maroney*, 416 Pa. 199, 204 A. 2d 758 (1964).[5] Furthermore, we have now expressly concluded that the ruling in *Jackson v. Denno* must be applied to judgments imposed previous to the date of that decision. *Commonwealth ex rel. Butler v. Rundle*, 416 Pa. 321, 206 A. 2d 283 (1965). See also *Commonwealth v. Coyle*, 415 Pa. 379, 405-06, 203 A. 2d 782, 795-96 (1964); *Commonwealth ex rel. Gaito v. Maroney*, supra.

We therefore remand the record to the Court of Common Pleas of Allegheny County with directions to hold a hearing and to determine, in a manner consistent with the requirements of due process, whether the confession of appellant-petitioner was freely and voluntarily given. *Commonwealth ex rel. Butler v. Rundle*, supra.

Vacated and remanded.

---

[4] More fundamentally, of course, introduction of a coerced confession violates standards of due process. *Brown v. Allen*, 344 U.S. 443, 475, 73 S. Ct. 397, 416 (1953).

[5] We note, incidentally, that *Jackson v. Denno* was itself a habeas corpus proceeding.