**UNITED STATES of America, ex rel. Hercules BUTLER, Petitioner,**

v.

**James F. MARONEY, Warden, Western State Penitentiary, Pittsburgh, Pennsylvania, Respondent.**

**Misc. No. 3317.**

United States District Court W. D. Pennsylvania.

March 10, 1965.

Theodore Struk, Pittsburgh, Pa., for Hercules Butler.

WILLSON, District Judge.

On October 10, 1963, I entered an order on the pro se petition for writ of habeas corpus filed by Hercules Butler. He was convicted of the crime of murder in the first degree by the State Court of Chester County, Pennsylvania. He is incarcerated in the State Correctional Institution at Pittsburgh serving a life sentence. It appeared from the petition that an evidentiary hearing would be required. However, it was necessary to develop the facts, and it seemed appropriate that petitioner be represented by competent counsel. Thereafter Theodore Struk, Esquire, of the Pittsburgh Bar was appointed to represent Mr. Butler, and he has conducted a rather extensive investigation with regard to the background of the prisoner and with relation to the state trial at the time he was convicted. As a youth this man was in and out of mental institutions. But prior to his trial which was held in the fall of 1956, petitioner had been examined by a commission appointed by the trial court under the Pennsylvania Mental Health Act of 1951, 50 P.S. § 1071 et seq. The commission reported that the defendant was capable of defending himself at the trial on the murder indictment. After his conviction no appeal was taken. However, petitioner filed a petition for a writ of habeas corpus in the Common

Pleas Court of Chester County, Pennsylvania. That application was denied by President Judge Harvey by an order entered June 22, 1959. See Commonwealth ex rel. Butler v. Banmiller, 20 Pa. Dist. & C.R.2d 267. An appeal was taken to the Supreme Court of Pennsylvania, and the lower court was affirmed in an opinion per curiam on March 15, 1960, 398 Pa. 442, 159 A.2d 212.

Because petitioner has alleged that during the period of several days in which he was in custody of the Pennsylvania State Police that a written confession was given which was thereafter used at his trial, an evidentiary hearing was directed and was held by me on February 18, 1965. At that hearing petitioner Butler testified. Notice was given to the state authorities including the Attorney General of Pennsylvania and the District Attorney of Chester County, Pennsylvania. No one on behalf of the state appeared at the hearing. Petitioner Butler was sworn and testified.

It is to be noticed in Judge Harvey's opinion denying relief by way of habeas corpus that he passes on the same proposition which confronts this Court in the instant petition. Petitioner contended in the state hearing that he was taken into custody on August 2, 1956, by a county detective without a warrant of arrest and that no information was lodged against him until the date of his preliminary hearing before a Justice of the Peace on August 6th. Butler testified before me that he was not permitted to communicate with anyone for a period of 5 days.

After a confession was obtained, he was then given a hearing. In the murder trial the issue as to whether the alleged confession was voluntary or not was left to the jury. This is clearly shown in Judge Harvey's opinion. The procedure followed by the trial judge was the regular procedure practiced throughout Pennsylvania at the time that petitioner was tried and for some years thereafter. However, it now appears that the Supreme Court opinion, Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), has moved the Supreme Court of Pennsylvania to direct a change in the practice as to the admission of confessions in Pennsylvania criminal trials. See Com. ex rel. Isenberg v. Maroney, 416 Pa. 430, 206 A.2d 379 (1965), an opinion by Mr. Justice Roberts filed January 22, 1965. In the decision mentioned the Supreme Court of Pennsylvania sent the case back to the County Court with directions to hold a hearing and to determine in a manner consistent with the requirements of due process, whether the confession of the appellant-petitioner was freely and voluntarily given. In a footnote in that case a statement is made that the Criminal Procedural Rules Committee of Pennsylvania is currently in the process of preparing rules which will conform state practice to the Jackson v. Denno requirements. See also the recent decision of the Pennsylvania Supreme Court, Commonwealth v. Patrick, 416 Pa. 437, 206 A.2d 295, (1965).

On the issue presented an evidentiary hearing has been held as suggested in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). One reason for that hearing was that this Court desired to determine what findings could be made relative to the securing of the confession by the state police from Butler at the time he was in their custody from August 2, 1956, until the confession was signed. He testified with respect to that period of time at the hearing before me. However, his testimony is unsatisfactory on the present issue with the result that this Court is not prepared to hold based on the hearing evidence that the confession was involuntary by reason of the circumstances which existed at the time it was secured by the state officers. In Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), the Court held that the confession was not voluntary by reason of the circumstances which prevailed at the time it was secured. In the instant case as indicated I have but petitioner's testimony, and he does not remember wheth-

er he asked for counsel during the time he was incarcerated or whether his counsel objected to the introduction of the confession at the trial. On the record before me, I must conclude that the case should go back to the state authorities for an independent determination of the voluntariness of Butler's confession introduced at his trial. This follows the practice laid out in Jackson v. Denno. If after an independent hearing the confession is found to be voluntary, then Butler has had his trial and should remain in prison. Likewise Pennsylvania is free to give Butler a new trial if it so chooses, and at this time for me to impose the requirement of a new trial before the outcome of a hearing on the voluntariness of the confession " * * * would not comport with the interests of sound * * * relationship between federal and state courts." Jackson v. Denno. I assume that the Pennsylvania Courts will now follow the decision of the Supreme Court on the matter as indicated in the Isenberg case. This is the practice indicated by Chief Judge Biggs of the Court of Appeals of this circuit in an opinion handed down March 8, 1965, United States ex rel. Dalton v. Myers, 3 Cir., 342 F.2d 202.

It will be so ordered.