Commonwealth *v.* Oister, Appellant.

Argued June 15, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Anthony J. Giangiulio,* with him *Edward F. Kane,* for appellant.

*Parke H. Ulrich,* Assistant District Attorney, with him *Richard A. Devlin,* Assistant District Attorney, and *Richard S. Lowe,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, August 6, 1965:

The Supreme Court of the United States having vacated the judgment of this Court entered July 13, 1963 (201 Pa. Superior Ct. 251, 191 A. 2d 851), affirming the judgment of sentence of appellant imposed by the Court of Quarter Sessions of Montgomery County, we entered an order on August 17, 1964, in compliance with the mandate of the United States Supreme Court that said, "Judgment . . . is *reversed*; and the cause is remanded to the Court of Quarter Sessions of the Peace of Montgomery County for further consideration and appropriate proceedings in the light of Jackson v. Denno, No. 62 October Term, 1963, 84 S. Ct. 1774, 12 L. Ed. 2d 908, 32 LW 4620, decided June 22, 1964 by the Supreme Court of the United States; and after such further consideration and proceedings, the Court of Quarter Sessions of the Peace of Montgomery County shall make its findings and enter an appropriate Order or Judgment consistent with the evidence and the law, and the Opinion of the Supreme Court of the United States in Jackson v. Denno, supra, . . . ." (Emphasis supplied)

In compliance with our last order said Court of Quarter Sessions conducted a hearing on the voluntariness of appellant's confession and, after determin-

162

ing same to have been voluntarily given, on April 22, 1965, ordered that, ". . . the judgment of conviction and sentence previously imposed by this Court shall remain in full force and effect." From that order an appeal has been taken to this Court and is now before us.

In the present appeal appellant contends that he is entitled to a jury trial on the issue of the voluntariness of his confession, that the confession was not voluntarily given and that the Montgomery County Court erred in reinstating the judgment of conviction and sentence inasmuch as said judgment of sentence was reversed by the order of this Court dated August 17, 1964.

Although the procedure followed by the lower court following the remand of the case to it finds approval in *Jackson v. Denno*, 378 U.S. 368 (1964), supra, and in *Commonwealth ex rel Gaito v. Maroney*, 416 Pa. 199, 204 A. 2d 758 (1964), we are of the opinion that since the judgment of sentence was reversed by our order of August 17, 1964, the effect of same was to grant a new trial in which the rights of appellant were to be protected in the manner outlined in *Jackson v. Denno*; and that a determination of the voluntariness of appellant's confession without a retrial was an insufficient compliance with that order. Had our order remanded the case without reversing the judgment of sentence a retrial would not have been necessary.

Therefore, that part of the order of the Quarter Sessions Court of the Peace of Montgomery County dated April 22, 1965, reinstating the judgment of sentence and conviction is overruled and the appellant is awarded a new trial as intended by our order of August 17, 1964; however, that part of said order of the lower court determining preliminarily that appellant's confession was voluntarily given is affirmed as the preliminary procedure prescribed by *Jackson v. Denno*, supra.

ERVIN, P. J., and WRIGHT, J., would affirm on the opinion of the court below.

FLOOD, J., took no part in the consideration or decision of this case.