Commonwealth ex rel. Geiger, Appellant, *v.* Maroney.

Submitted March 17, 1965.  Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*George P. Geiger,* appellant, in propria persona.

*William F. Caruthers,* Assistant District Attorney, and *Richard E. McCormick,* District Attorney, for appellee.

OPINION PER CURIAM, September 29, 1965:

Petitioner challenges his 1960 conviction in reliance on the decision in *Escobedo v. Illinois,* 378 U.S. 478, 84 S. Ct. 1758 (1964), and *Mallory v. United States,* 354 U.S. 449, 77 S. Ct. 1356 (1957).  He further alleges a pretrial deprivation of the right to counsel on the

basis of the decision in *White v. Maryland,* 373 U.S. 59, 83 S. Ct. 1050 (1963).

We find no merit in petitioner's contentions. Having concluded in *Commonwealth v. Negri,* 419 Pa. 117, 213 A. 2d 670 (1965), that the mandate of *Escobedo* is not to be given retrospective application, *Negri* is here controlling. Petitioner's contention in reliance on *Mallory* is foreclosed by our decision in *Commonwealth ex rel. Sleighter v. Banmiller,* 392 Pa. 133, 139 A. 2d 918 (1958).*

Finally, the record fails to disclose any prejudice arising from petitioner's lack of counsel at the preliminary hearing and, therefore, no violation of his constitutional rights resulted. See *Commonwealth ex rel. Butler v. Rundle,* 416 Pa. 321, 206 A. 2d 283 (1965).

Order affirmed.

Mr. Justice COHEN dissents.

---

* Cf. *Culombe v. Connecticut,* 367 U.S. 568, 81 S. Ct. 1860 (1961) ; *Gallegos v. Nebraska,* 342 U.S. 55, 72 S. Ct. 141 (1951).