## Commonwealth ex rel. Taylor, Appellant, *v.* Maroney.

Submitted March 19, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Jesse B. Taylor,* appellant, in propria persona.

*William J. Franks,* Assistant District Attorney, and *John R. Hoye,* District Attorney, for appellee.

OPINION PER CURIAM, September 29, 1965:

In 1956, petitioner, while represented by counsel, entered a general plea of guilty to the charge of murder. A hearing was held to determine the degree of guilt, at which time a signed statement made by peti-

tioner was introduced without objection, and he was found guilty of murder in the first degree and sentenced to life imprisonment.

Petitioner presently challenges his conviction in reliance on the decision in *Escobedo v. Illinois,* 378 U.S. 478, 84 S. Ct. 1758 (1964). He further alleges a pretrial deprivation of the right to counsel on the basis of the decision in *White v. Maryland,* 373 U.S. 59, 83 S. Ct. 1050 (1963). Finally, petitioner challenges the admissibility of his signed statement, alleging that it was obtained by means of duress and coercion.

Having concluded in *Commonwealth v. Negri,* 419 Pa. 117, 213 A. 2d 670 (1965), that the mandate of *Escobedo* is not to be given retrospective application, *Negri* is here controlling.

The record fails to disclose any prejudice arising from petitioner's lack of representation at the preliminary hearing and, therefore, no violation of petitioner's constitutional rights resulted. See *Commonwealth ex rel. Butler v. Rundle,* 416 Pa. 321, 206 A. 2d 283 (1965).

Finally, no objection having been raised to the introduction of petitioner's signed statement at the plea hearing, petitioner may not now assert its invalidity. *Commonwealth ex rel. Fox v. Maroney,* 417 Pa. 308, 207 A. 2d 810 (1965) ; *Commonwealth ex rel. Sanders v. Maroney,* 417 Pa. 380, 207 A. 2d 789 (1965).

Order affirmed.

Mr. Justice COHEN dissents.