## Commonwealth ex rel. Shaffer, Appellant, *v.* Cavell.

Submitted March 19, 1965. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Clyde Shaffer,* appellant, in propria persona.

*Richard D. Cicchetti,* Assistant District Attorney, and *John R. Hoye,* District Attorney, for appellee.

OPINION BY MR. JUSTICE O'BRIEN, October 13, 1965:
This case is before us on a petition for writ of habeas corpus. The petitioner alleges: (1) that he was denied due process of law when he was arrested and confined in three different jails, where he was denied the right to call an attorney to determine why he was being held; (2) that he was held illegally for twelve full days, tortured, coerced, and denied the right to

have an attorney; (3) that he was denied the right to have counsel during the preliminary hearing before a magistrate; (4) that the police questioned him without an attorney at three different police stations.

The record discloses that the petitioner was brought to trial December 6, 1948, at which time he was represented by counsel. At the trial of his case, disc recordings of statements made by the petitioner to the police were played to the jury and offered as evidence. Stenographic transcriptions of the recordings, signed by the defendant, were offered into evidence. The introduction of both the disc recordings and the signed statements were objected to by counsel for the defendant on the grounds that the statements were made without benefit of counsel and were obtained through coercion. As was the practice at the time, the issue of the voluntariness of the confessions was submitted to the jury and the jury found the defendant guilty.

Appellant's contention that he has been denied due process of law because he was without counsel at the preliminary hearing before the magistrate is without merit. As this court has said on many occasions, the preliminary hearing in Pennsylvania is not a critical stage in a criminal procedure, when none of the proceedings in the preliminary hearing were introduced at the trial. *Com. ex rel. Lofton v. Russell,* 418 Pa. 517, 211 A. 2d 427 (1965) ; *Com. ex rel. Butler v. Rundle,* 416 Pa. 321, 206 A. 2d 283 (1965) ; *Com. ex rel. Maisenhelder v. Rundle,* 414 Pa. 11, 198 A. 2d 565 (1964) ; *Com. ex rel. Wagner v. Myers,* 414 Pa. 35, 198 A. 2d 540 (1964).

Petitioner urges that his lack of counsel at the time of his questioning and at the time his confessions were given to the police was a denial of due process. In *Escobedo v. Illinois,* 378 U.S. 478 (1964), the United States Supreme Court held that it is reversible error to admit into evidence incriminating statements result-

ing from police questioning where the petitioner lacked counsel, at the accusatory stage. However, as we have recently held, *Escobedo* is not retrospective in application and is therefore not applicable to the present case. *Com. v. Negri,* 419 Pa. 117, 213 A. 2d 670 (1965) and *Com. ex rel. Corbin v. Myers,* 419 Pa. 139, 213 A. 2d 356 (1965).

It is therefore not necessary that we determine whether the accusatory stage had been reached during the questioning of Shaffer, as is required in *Escobedo*-type situations. However, inasmuch as the petitioner alleges that the statements which were introduced were not voluntarily given, the issue of voluntariness of the statements must be determined in a hearing independent of the trial. *Jackson v. Denno,* 378 U.S. 368 (1964). *Jackson v. Denno,* however, has been held to be retrospective in application. *Com. ex rel. Butler v. Rundle,* 416 Pa. 321, 206 A. 2d 283 (1965) and *Com. ex rel. Corbin v. Myers,* supra.

Shaffer's petition was denied without benefit of hearing on the issue of voluntariness of his statements. Therefore, we conclude that the lower court should hold a hearing to determine whether or not the incriminating statements made by Shaffer had been voluntarily given. It should be noted in this light that when a petition for writ of habeas corpus alleges an issue which, if proven, would be grounds for the granting of the writ, a hearing must be held to determine the validity of petitioner's allegation. See *Com. ex rel. Hilberry v. Maroney,* 417 Pa. 534, 540, 207 A. 2d 794, 797 (1965).

Order vacated, record remanded to the court below to hold a hearing consistent with this opinion.

Mr. Justice COHEN dissents.