Commonwealth ex rel. Frazier, Appellant, *v.*
Maroney.

Submitted September 29, 1965. Before BELL, C. J.,
MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROB-
ERTS, JJ.

*Willie Frazier,* appellant, in propria persona.

*William J. Franks,* Assistant District Attorney, and *John R. Hoye,* District Attorney, for appellee.

OPINION BY MR. JUSTICE ROBERTS, November 9, 1965:

In September, 1963, appellant was convicted in a trial by jury of voluntary manslaughter and sentenced to imprisonment for a term of 6 to 12 years. No post trial motions were filed and no appeal taken.

Subsequently, appellant filed a petition for a writ of habeas corpus alleging that his conviction was invalid on the ground that certain oral and written statements had been improperly admitted at trial. The petition was denied without hearing and this appeal followed.

At trial, the Commonwealth introduced, over objection of appellant's counsel, certain statements made by appellant which tended to disprove the defense there asserted. Counsel's objection to the introduction of the statements was grounded, inter alia, upon their alleged involuntary nature. The trial judge, overruling the objection, permitted the statements to be introduced and submitted the question of their voluntariness to the jury to resolve in accordance with the practice in this Commonwealth prior to the decision in *Jackson v. Denno,* 378 U.S. 368, 84 S. Ct. 1774 (1964).

This procedure was improper. See *Commonwealth v. Negri,* 419 Pa. 117, 213 A. 2d 670 (1965); *Commonwealth ex rel. Isenberg v. Maroney,* 416 Pa. 430, 206 A. 2d 379 (1965). Under the mandate of *Jackson,* supra, appellant was entitled to a hearing separate and apart from the proceedings before the trial jury on the issue of the voluntary nature of his statements. See *Jackson v. Denno,* supra; *Commonwealth ex rel. Isenberg v. Maroney,* supra. Since a hearing consistent with the requirements of due process was not held on the issue of the voluntariness of appellant's statements, the order of the court below dismissing the petition without a hearing must be vacated.

Appellant also raises an issue under the decision in *Escobedo v. Illinois*, 378 U.S. 478, 84 S. Ct. 1758 (1964). However, appellant's conviction having become final before the decision was rendered in that case, he may not predicate a claim to relief thereon. *Commonwealth v. Negri*, 419 Pa. 117, 213 A. 2d 670 (1965).*

The order of the court below is vacated and the record remanded with directions to hold an evidentiary hearing in accordance with the requirements of due process. After said hearing, the court shall record its findings and conclusions and enter an order thereon consistent with the decisions of this Court pursuant to *Jackson v. Denno*, supra. See *Commonwealth ex rel. Butler v. Rundle*, 416 Pa. 321, 206 A. 2d 283 (1965).

Vacated and remanded.

Mr. Justice COHEN dissents.

---

\* The writer's views with respect to the decision in *Commonwealth v. Negri*, 419 Pa. 117, 213 A. 2d 670 (1965), remain as stated in his concurring opinion in *Commonwealth ex rel. Corbin v. Myers*, 419 Pa. 139, 144, 213 A. 2d 356, 358 (1965).