# Commonwealth ex rel. McCormick *v.* Russell, Appellant.

Argued September 15, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Joseph M. Smith,* Assistant District Attorney, with him *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellant.

*Marvin I. Block,* with him *Harry Aaron Rubin,* for appellee.

OPINION BY WRIGHT, J., November 10, 1965:

On December 1, 1964, William McCormick, presently an inmate of the State Correctional Institution at Huntingdon, filed in Court of Common Pleas No. 1 of Philadelphia County a petition for a writ of habeas corpus. The following day Judge CHUDOFF granted a rule to show cause why the writ should not issue, returnable December 22, 1964. An answer was filed by the superintendent of the institution, but no answer was filed by the district attorney. On May 12, 1965,

President Judge GOLD granted the writ.[1] The Commonwealth has appealed.

The docket entries in the Court of Quarter Sessions of Philadelphia County at October Term 1960 disclose that, on October 31, 1960, McCormick was indicted on Bill No. 2606 charging assault and battery, and on Bill No. 2607 charging assault with intent to rob and robbery. The date of arraignment was November 21, 1960, at which time McCormick pleaded not guilty. On December 5, 1960, McCormick waived a jury trial and the case was heard nonjury by Honorable PETER F. HAGAN. A finding of not guilty was entered on Bill No. 2606, and a finding of guilty was entered on Bill No. 2607. McCormick was sentenced on Bill No. 2607 to serve not less than one nor more than five years in the State Correctional Institution at Philadelphia. The effective date of his sentence was October 10, 1960, with the minimum expiring October 10, 1961, and the maximum expiring October 10, 1965.

On March 23, 1961, McCormick was transferred to the State Correctional Institution at Rockview. On October 10, 1961, he was released on parole. On February 11, 1963, he was recommitted as a technical parole violator. On April 11, 1963, he was reparoled. While still on parole, McCormick was arrested on charges of burglary and larceny in Delaware County. On October 7, 1963, he entered a plea of guilty in the Court of Quarter Sessions of Delaware County. He

---

[1] "The Court having given the District Attorney ten days within which to file an answer admitting or denying the veracity of the averments contained in relator's petition for Writ of Habeas Corpus, the District Attorney having failed to do so and there being no copy of Relator's trial transcript, this Court has no recourse but to grant Relator's Writ of Habeas Corpus.

"It is further ordered that issuance of the Writ is stayed for thirty (30) days pending a decision by the District Attorney either to appeal this order to the Superior Court or to retry the Relator on the next available trial list".

was sentenced on Bill No. 441 September Sessions 1963 to serve not less than four nor more than twelve months in the Delaware County Prison, effective June 22, 1963. He was released from the Delaware County Prison on November 22, 1963, and was on that date recommitted to the Eastern Correctional Diagnostic and Classification Center as a convicted parole violator. On February 26, 1964, McCormick was transferred to the State Correctional Institution at Huntingdon. His maximum sentence presently expires June 12, 1967.

McCormick's petition for the writ alleges that his constitutional rights were violated (1) "because he was not given counsel when accused of said crime, at which time he made a statement"; and (2) because he was not afforded counsel at his preliminary hearing, despite his request therefor.[2] It is the position of the district attorney on this appeal that, even though McCormick's allegations were undenied, "the facts he avers do not constitute a denial of due process". It is argued that there is no allegation that McCormick's statement was incriminatory, or that it was involuntary, or that it was introduced in evidence at the trial, or that anything which transpired at the preliminary hearing was subsequently used against McCormick at the trial.

We are unable to intelligently dispose of the pivotal issues on the present record. "Orderly proceedings re-

---

[2] Our Supreme Court has considered similar allegations in a number of recent cases. See *Commonwealth v. Negri*, 419 Pa. 117, 213 A. 2d 670; *Commonwealth v. Geiger*, 419 Pa. 147, 213 A. 2d 348; *Commonwealth ex rel. Taylor v. Maroney*, 419 Pa. 149, 213 A. 2d 355; *Commonwealth ex rel. Lawrence v. Myers*, 419 Pa. 145, 213 A. 2d 347; *Commonwealth ex rel. Derry v. Rundle*, 419 Pa. 146, 213 A. 2d 349; *Commonwealth ex rel. White v. Myers*, 419 Pa. 244, 213 A. 2d 662; *Commonwealth ex rel. Ward v. Russell*, 419 Pa. 240, 213 A. 2d 628; *Commonwealth ex rel. Knowles v. Rundle*, 419 Pa. 300, 213 A. 2d 635; *Commonwealth ex rel. Shaffer v. Cavell*, 419 Pa. 218, 213 A. 2d 380.

quire that a district attorney file an answer to habeas corpus petitions in criminal cases so that relevant factual and legal questions may be presented to the court": *Commonwealth ex rel. Johnson v. Maroney*, 201 Pa. Superior Ct. 248, 191 A. 2d 704. As indicated in the *Johnson* case, the district attorney must file an answer to the habeas corpus petition, and there must be a hearing to ascertain the specific issues of fact.

The order of the court below is reversed, and the case is remanded for further proceedings consistent with this opinion.