## Commonwealth *v.* Bell, Appellant.

Submitted June 14, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Francis Shunk Brown, III,* for appellant.

*James D. Crawford,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 12, 1968:
Order affirmed.

DISSENTING OPINION BY SPAULDING, J.:
I dissent.

On June 26, 1959, petitioner Richard Bell was convicted by a jury of operating a motor vehicle without the consent of its owner, conspiracy to commit robbery, larceny of an automobile, aggravated robbery, and two counts of commission of a crime of violence while armed with a firearm. No appeal was taken from these convictions.

The two petitions under the Post Conviction Hearing Act now before us together allege, *inter alia,* that an involuntary confession was introduced into evidence against petitioner at trial and that petitioner was denied the right to appeal from an order, made in a previous collateral attack on petitioner's confession, holding that the confession was voluntary.[1]

Petitioner has twice previously challenged the voluntariness of his confession in collateral proceedings. In January, 1964, he filed a *pro se* petition for habeas corpus which was dismissed without a hearing. *Commonwealth ex rel. Bell v. Rundle,* Philadelphia Court

[1] The first of these petitions was filed in July, 1967. After dismissal of the petition without a hearing by the court below, this court remanded the petition for appointment of counsel in accordance with *Commonwealth v. Hoffman,* 426 Pa. 226, 232 A. 2d 623 (1967). *Commonwealth v. Bell,* Pa. Superior Ct., No. 1101, Oct. Term, 1967 (Dec. 1, 1967). Prior to this order, petitioner filed a second petition and the two petitions were consolidated for a hearing.

of Common Pleas No. 1, March Term, 1964, No. 134, *aff'd per curiam*, 204 Pa. Superior Ct. 720, 203 A. 2d 493 (1964). In January, 1965, he filed a second habeas corpus petition. Because the trial court had submitted the question of "voluntariness" to the jury, petitioner was granted a full hearing on the coerced confession claim under the authority of *Jackson v. Denno*, 378 U.S. 368 (1964), *Commonwealth ex rel. Gaito v. Maroney*, 416 Pa. 199, 204 A. 2d 758 (1964), and *Commonwealth ex rel. Butler v. Rundle*, 416 Pa. 321, 206 A. 2d 283 (1965). After a 3 day hearing in July, 1966, with petitioner represented by private counsel, the court below held that the confession was voluntary. No appeal was taken from this decision, and petitioner now contends that he was without knowledge of his right to appeal and was abandoned by counsel after the hearing.

At the hearing below on the petitions now before us, the District Attorney was apparently misinformed as to the previous history of Bell's litigation. As a result, he gave the court below a misimpression of the facts underlying petitioner's claim that he was denied the right to appeal from the order of the court following the *Jackson v. Denno* hearing. In response to petitioner's testimony that, following the hearing, petitioner's counsel informed him that an appeal would be taken and that petitioner had then been abandoned when his counsel learned he was without funds, the District Attorney stated to the court that petitioner had in fact taken a *pro se* appeal to this court from the order, citing *Commonwealth ex rel. Bell v. Rundle*, 204 Pa. Superior Ct. 720 (1964). The appeal to which the Commonwealth referred was an appeal from petitioner's *first* habeas corpus petition, and no appeal was ever taken from the order following the *Jackson v. Denno* hearing.

This factual error, which is repeated in the Commonwealth's brief to this court, was demonstrably prejudicial. It is evident that the misimpression of the prior history of Bell's litigation determined the ruling of the court below, which held that petitioner was not denied the right to appeal and was not entitled to the assistance of counsel on appeal from the hearing.

Moreover, the ruling of the court below that petitioner was not entitled to the assistance of appointed counsel on appeal from the *Jackson v. Denno* hearing was incorrect. Petitioner's appeal rights from that hearing are governed by the Post Conviction Hearing Act. The hearing and subsequent order took place in July, 1966, after the effective date of the Post Conviction Hearing Act. Section 2 of the Act expressly provides that "the procedure hereby established shall encompass all common law and statutory procedures for the same purpose that exist when this statute takes effect, including habeas corpus . . . ." Section 13 of the Act expressly repeals the Act of May 25, 1951, P. L. 415, 12 P.S. §1907, which provided for the appeal of orders entered in habeas corpus proceedings. In *Commonwealth v. Walters*, 431 Pa. 74, n.3 at 78, 244 A. 2d 757, n.3 at 760 (1968), the Supreme Court ruled that §12 of the Post Conviction Hearing Act grants a prisoner the right to have the assistance of counsel on appeal in collateral proceedings governed by the act.

In light of the misleading information given to the court below and the ruling in *Commonwealth v. Walters, supra,* I believe that this case should be remanded to the court below for reconsideration of whether petitioner has been denied the right to appeal from the *Jackson v. Denno* hearing. If the court finds, in light of *Commonwealth v. Kizer*, 428 Pa. 99, 236 A. 2d 515 (1967), that petitioner has not waived the right to ap-

peal, then petitioner should be entitled to relief on his underlying coerced confession claim.

HOFFMAN, J., joins in this dissenting opinion.